**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1009

(Filed: September 14, 2016)

**FILED**
SEP 1 4 2016
U.S. COURT OF
FEDERAL CLAIMS

```
*****************************    *
                                  *
                                  *
ROBERT AND CAROL JACOBSEN,        *
                                  *
                                  *
              Plaintiffs,         *
                                  *
v.                                *
                                  *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
*****************************    *
```

## DISMISSAL ORDER

On August 15, 2016, pro se Plaintiffs Robert and Carol Jacobsen filed in this Court a document purporting to constitute a complaint against the United States. The Jacobsens filed the complaint as an "attempt to file criminal charges on the John and Jane Does involved with the Superstorm Sandy fraud committed by the hired staff of the FEMA flood group." Compl. at 1. The complaint appears to seek "criminal reparations and/or a civil settlement award" against FEMA employees for using unspecified illegal "dilatory practices" in connection with Hurricane Sandy insurance payments. Id.

Because the Jacobsens are proceeding pro se, the Court must liberally construe their pleading to "see if [they] have a cause of action somewhere displayed." Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009) (internal citation omitted). The Court takes this duty seriously and has reviewed the Jacobsens' complaint carefully; however, though the Court has "strained [its] proper role in adversary proceedings to the limit" in searching the complaint, it could identify no plausible cause of action therein. Ruderer v. United States, 412 F.2d 1285, 1292 (Ct. Cl. 1969). The Court finds that any expenditure of governmental resources in preparing a defense to this complaint would be a waste of public funds.

Therefore, pursuant to its inherent authority, the Court sua sponte dismisses the Jacobsens' complaint for failure to state a claim. See, e.g., Rockefeller v. Chu, 471 F. App'x 829, 830 (10th Cir. 2012) ("[A] court may sua sponte dismiss a complaint under [Federal] Rule [of Civil Procedure] 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (internal quotation omitted); Shoop v. Deutsche Bank Nat. Trust Co., 465 F. App'x 646, 647 (9th Cir. 2012) (similar); Chyba v. BAC Home Loans Servicing, L.P., 460 F. App'x 373, 374 (5th Cir. 2012) (similar); Arbeleaz v. United States, 94 Fed. Cl. 753, 763 (2010) (similar) (citing Constant v. United States, 929 F.2d 654, 657 (Fed. Cir. 1991)); see also Stroughter, 89 Fed. Cl. at 760 ("Although pro se plaintiffs are given some leniency in presenting their case, their pro se status does not immunize them from pleading facts upon which a valid claim can rest[.]") (internal citation omitted).

Accordingly, for the foregoing reasons, the Court DISMISSES Plaintiffs' complaint for failure to state a claim upon which relief may be granted. The Clerk is directed to dismiss Plaintiffs' complaint without prejudice.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge